Application for review of sentence imposed by the Superior Court, Geographical Area 13, at Enfield, Docket No. CR 13-76657 and CR 13-77361.
M. Donald Cardwell, Defense Counsel, for Petitioner
John M. Bailey, State's Attorney for the State.
Application Dismissed
BY THE DIVISION: The petitioner entered guilty pleas in each of the two files to one Count of violation of C.G.S. Sec.21a-277 (a) — possession of narcotic substance with intent to sell.
At the time of plea, agreement was reached as to a sentencing recommendation. It was agreed that the State would recommend that the petitioner be sentenced to an effective period of incarceration not to exceed seven years, with the petitioner reserving the right to argue for a lesser sentence.
The sentencing Court imposed sentences of seven years on each Count to run concurrently, for a total effective sentence of seven years.
Sentence Review is not available in — — "any case in which the sentence or commitment imposed resulted from the Court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement — -." C.G.S. 51-195.
A plea agreement contemplates, inter alia, a plea of guilty on condition that the sentence imposed will not exceed specified terms, or that the prosecuting authority with CT Page 741 recommend a specific sentence. Conn. Practice Book, Sec. 692.
This case is distinguishable from Staples v. Palten,214 Conn. 195 (1990) in which it was held that where the only agreement reached was that the defendant would plead guilty to a particular charge without any agreement as to a specific sentence recommendation, the defendant would be entitled to a sentence review hearing.
In the present case there was indeed an understanding that the State would recommend a specific sentence, to wit, a period of incarceration not to exceed seven years. The sentencing Court was obliged to impose that or a lesser sentence, or otherwise permit the defendant to withdraw his pleas of guilty.
The division concludes that there was a plea agreement in this case, and that the sentence imposed was within the terms of the agreement. Accordingly, the petitioner is not I entitled to have his sentence reviewed and the application is dismissed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.